UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
:
MAYER BROWN LLP, :
:
        Plaintiff, : Civil Action No.
:
  v. : **COMPLAINT**
:
GROUP METRO, :
:
        Defendant. :
------------------------------------ X

      Plaintiff, MAYER BROWN LLP ("Mayer Brown"), by its attorneys, for its Complaint against defendant GROUP METRO, alleges as follows:

### NATURE OF THE ACTION

    1.    This is an action for account stated, breach of contract, quantum meruit, and unjust enrichment, brought by the law firm, Mayer Brown. Group Metro retained Mayer Brown to provide advice and documentation in connection with a proposed high-yield bond offering. Pursuant to a written agreement between the parties, Mayer Brown performed the requested services and sent Group Metro a detailed invoice for the services rendered. Group Metro failed to pay the invoice. Because of Group Metro's non-payment, Mayer Brown now brings this action to recover Group Metro's outstanding balance of fees and costs in an amount not fully determined at this time, but in no event less than $2,852,584.45 plus interest thereon.

### THE PARTIES

    2.    Mayer Brown is an international law firm operating as a limited liability partnership duly formed and existing under the laws of the State of Illinois, with a principal place of business located at 71 Wacker Drive, Chicago, IL 60606. Mayer Brown maintains offices in

various jurisdictions, including New York. The work related to this representation was performed at Mayer Brown's New York office located at 1675 Broadway, New York, NY 10019.

3. Group Metro is a real estate, tourism, and transportation firm based in Santo Domingo, Dominican Republic. Upon information and belief, Group Metro can be served c/o Metro Country Club, S.A., at Av. 27 de Febrero #12, Santo Domingo, Dominican Republic.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. Diversity exists because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Group Metro pursuant to N.Y. C.P.L.R. 301 because Group Metro is doing business and engaging in continuous, permanent, and substantial activity in New York, and/or pursuant to N.Y. C.P.L.R. 302(a)(1) because Group Metro transacted business within the state of New York, and Mayer Brown's claims arise out of that business activity.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Group Metro is subject to the Court's personal jurisdiction in this judicial district with respect to the current civil action, and a substantial part of the events or omissions giving rise to Mayer Brown's claims occurred in this judicial district.

## BACKGROUND

7. In or prior to January 2007, Group Metro sought out professionals in New York in connection with its plans to obtain financing for its real estate developments in the Dominican Republic. A representative or agent of Group Metro first spoke to Peter Darrow, then a partner

in Mayer Brown's New York City office, about providing advice and representation in connection with a high-yield bond offering for this financing and refinancing. Mayer Brown attorneys began working on the matter on or about January 11, 2007, and the parties executed an official engagement letter on or about January 16, 2007 ("Engagement Letter").

8. The terms of Mayer Brown's representation of Group Metro are set forth in the Engagement Letter, which was signed by representatives of Mayer Brown and Group Metro. By the Engagement Letter, Mayer Brown promised to perform legal services, and Group Metro promised to pay for those services. A true and correct copy of the Engagement Letter is attached hereto as Exhibit A.

9. Among other things, the Engagement Letter states that Group Metro is obligated to pay reasonable fees and other charges billed by Mayer Brown in connection with the representation, that the fees for service are to be based on hourly rates, and that the fees and charges are not contingent upon the successful completion of the proposed financing by Group Metro. (*See* Ex. A.)

10. Pursuant to the agreement set forth in the Engagement Letter, Mayer Brown provided advice and documentation to Group Metro in connection with proposed financings for the period from January 11, 2007 to July 22, 2010.

11. Throughout the course of the representation, Group Metro held out Mayer Brown as its counsel, Mayer Brown worked diligently and vigorously to represent Group Metro, and Group Metro benefited from Mayer Brown's services.

12. Mayer Brown is informed and believes that even after the representation ended in July 2010, Group Metro used, and continues to use, documents, information, and other work product prepared by Mayer Brown for additional financings and transactions in New York.

13. The fees incurred for the legal services performed by Mayer Brown during the period of May 5, 2007 to July 22, 2010 are set forth in an Invoice dated November 30, 2011 (the "Invoice"). The Invoice contains the total fees and disbursements owed to Mayer Brown for the work it performed during this time period, describes the tasks performed by the Mayer Brown lawyers, and sets forth the time spent on those tasks. The Invoice states a fee total of $2,700,452.50 and a disbursements total of $152,131.95. On December 2, 2011, Mayer Brown sent Group Metro a letter requesting Group Metro's "prompt attention" to the Invoice. True and correct copies of this letter and the Invoice are attached hereto as Exhibit B.

14. Group Metro retained the Invoice, but neither objected to nor paid it.

15. Mayer Brown has been injured and damaged as a result of Group Metro's failure to pay for all of the aforesaid legal services rendered and the costs incurred on Group Metro's behalf.

16. As of December 31, 2012, in exchange for the legal services it received from Mayer Brown from May 5, 2007 to July 22, 2010, Group Metro has incurred but has not paid fees in the amount of $2,700,452.50 plus disbursements of $152,131.95, or a total of $2,852,584.45. In accordance with the Engagement Letter, Group Metro owes Mayer Brown no less than this $2,852,584.45 plus interest thereon.

## COUNT 1
## ACCOUNT STATED

17. Mayer Brown repeats and re-alleges each allegation in paragraphs 1-16 as if fully set forth herein.

18. Mayer Brown sent the Invoice to Group Metro on December 2, 2011.

19. Group Metro retained the Invoice without protest, but did not pay the Invoice.

20. Mayer Brown has stated an account to Group Metro.

21. Group Metro owes Mayer Brown an amount not fully determined at this time, but in no event less than the Invoice amount of $2,852,584.45 plus interest thereon.

## COUNT 2
## BREACH OF CONTRACT

22. Mayer Brown repeats and re-alleges each allegation in paragraphs 1-21 as if fully set forth herein.

23. The legal services agreement set forth in the Engagement Letter is a valid and binding contract between Mayer Brown and Group Metro, and is enforceable against Group Metro.

24. Mayer Brown adequately performed the contract through its rendering of the requested legal services.

25. Group Metro's failure to pay the fees due to Mayer Brown within a reasonable time pursuant to the Engagement Letter constitutes a material breach of the legal services contract between Mayer Brown and Group Metro.

26. By reason of the foregoing, Mayer Brown has been damaged in an amount not fully determined at this time, but in no event less than $2,852,584.45 plus interest thereon.

## COUNT 3
## QUANTUM MERUIT

27. Mayer Brown repeats and re-alleges each allegation in paragraphs 1-26 as if fully set forth herein.

28. Mayer Brown provided legal services for Group Metro in good faith.

29. Group Metro accepted the legal services performed by Mayer Brown.

30. Mayer Brown performed the services with the expectation that it would be compensated.

31. The reasonable value of the unpaid legal services performed on behalf of Group Metro by Mayer Brown is not fully determined at this time, but is in no event less than $2,852,584.45 plus interest thereon.

## COUNT 4
## UNJUST ENRICHMENT

32. Mayer Brown repeats and re-alleges each allegation in paragraphs 1-31 as if fully set forth herein.

33. Mayer Brown performed legal services on behalf of Group Metro at Mayer Brown's own expense.

34. Group Metro was enriched by the legal services provided by Mayer Brown.

35. It would be against equity and good conscience to permit Group Metro to accept Mayer Brown's legal services without paying Mayer Brown for the reasonable value of all said services and reimbursing Mayer Brown for the costs incurred on Group Metro's behalf.

36. The reasonable value of the unpaid legal services rendered to Group Metro is not fully determined at this time, but is in no event less than $2,852,584.45 plus interest thereon.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mayer Brown LLP, demands that a judgment be entered in its favor against Group Metro:

  A. Awarding Mayer Brown damages in an amount no less than $2,852,584.45 plus interest thereon;

  B. Awarding Mayer Brown attorneys' fees and costs incurred in pursuing and litigating this matter; and

  C. Awarding Mayer Brown such other and further relief as this Court may deem necessary, just, or appropriate.

Dated:  New York, New York
        December 31, 2012

Respectfully submitted,

By: _____

Vanessa M. Biondo (Bar No. 2486)
Elizabeth M. Winokur (*Admission Pending*)
MAYER BROWN LLP
1675 Broadway
New York, NY  10019-5820
Tel:  212-506-2500
Fax:  212-262-1910
vbiondo@mayerbrown.com
ewinokur@mayerbrown.com

*Counsel for Plaintiff,*
*Mayer Brown LLP*